UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Stafford, | Case No.: 2:25-cv-01854-APG-BNW |
| Plaintiff | **Order** |
| v. | [ECF No. 1] |
| James Dzurenda, et al., | |
| Defendants | |

John Stafford, who is in the custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis. ECF No. 1. The application is incomplete because Stafford failed to include a financial certificate and an inmate trust fund account statement for the previous six-month period with it. The application is recycled from one of vexatious litigant Matthew Travis Houston's lawsuits. Stafford did not file a complaint. I now address Houston's vexatious litigant status, deny the in forma pauperis application as incomplete, and give Stafford an extension of time to file a signed complaint on this court's approved form and either pay the full $405 filing fee or file a new fully complete in forma pauperis application. Alternatively, if Stafford did not intend to file this lawsuit, then he may file a notice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) voluntarily dismissing it.

**I.    DISCUSSION**

    **A.    Houston is a vexatious litigant.**

As he is aware, Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey. *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY,

ECF No. 30. Under that order, before Houston can file a new action in this court "using any pages he has already filed in another case," he must satisfy three conditions:

> Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
>
> That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
>
> Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id.* at 8. Under that order, "the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order." *Id.* at 9. Houston has not satisfied any of these conditions in this case. Instead, Houston attempts to bypass the pre-filing requirements by filing a lawsuit with an inmate who is not deemed a vexatious litigant. *See* ECF No. 1 at 1 (application from another Houston-initiated lawsuit (Case No. 2:25-cv-01265-APG-MDC) and stating plaintiffs are "John Stafford, et al"). Because Houston has not complied with the pre-filing order, I dismiss or deny all documents filed by Houston and those filed on his behalf without prejudice.

**B.     Only Stafford may continue with this lawsuit.**

Because Stafford is not subject to a vexatious litigant pre-filing order, he may proceed with this lawsuit if he so chooses. But before Stafford can proceed, he must satisfy the matter of the filing fee and file a complaint that is personally signed by him.

### 1. Stafford must file a signed complaint.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

### 2. Stafford must pay the fee or file a new fully complete application.

This court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." LSR 1-1. For an inmate to apply for in forma pauperis status, the inmate must submit **all three** of the following documents to the court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the court's approved form, that is properly signed by the inmate twice on page 3;

(2) a completed **Financial Certificate**, which is page 4 of the court's approved form, that is properly signed by both the inmate and a prison or jail official; and

(3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period.

*See* 28 U.S.C. § 1915(a)(1), (2); LSR 1-2. In forma pauperis status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

I will deny the in forma pauperis application without prejudice. If Stafford wants to pursue this lawsuit, then he may either pay the filing fee or file a complete application himself.

3

### 3. Stafford cannot be used to bypass a vexatious litigant order.

Stafford has used a filing from Houston for his application to proceed in forma pauperis. *See* ECF No. 1. As outlined above, Houston is a vexatious litigant, and I am aware of his attempts to bypass his pre-filing requirements by purportedly initiating lawsuits with other inmates. *See McCreary et al. v. Dzurenda et al.*, 2:25-cv-01687-APG-BNW, and *Belcastro et al. v. Dzurenda et al.*, 2:25-cv-01691-APG-BNW. By the terms of the vexatious litigant order, Houston may not commence a new action without obtaining pre-filing permission from the chief judge of this district. *See Houston v. Encore Event Technologies et al.*, 2:22-cv-01740-JAD-EJY at ECF No. 30. This requirement does not change even if Mr. Houston purports to initiate a lawsuit with other inmates.

This means Stafford may initiate this lawsuit on his own behalf by filing a complete application to proceed in forma pauperis and submitting a complaint that he personally signed and that has allegations pertaining to only himself. If either Stafford or Houston attempt to use this case to further Houston's attempts at initiating a lawsuit without complying with Houston's vexatious litigant order, I will dismiss this action without prejudice.

Alternatively, if Stafford does not wish to pursue this lawsuit, then he may file a notice of voluntary dismissal under 41(a)(1)(A)(i).

## II. CONCLUSION

I THEREFORE ORDER that **by November 19, 2025**, Stafford must submit a signed complaint to this court.

I ORDER that the application to proceed in forma pauperis (ECF No. 1) is denied without prejudice as incomplete.

I ORDER that **by November 19, 2025**, Stafford must either pay the full $405 filing fee or file a fully complete application to proceed in forma pauperis with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

I ORDER that if Stafford fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows Stafford to refile the case with the court, under a new case number, when Stafford can file a complaint and either pay the required filing fee or file a complete application to proceed in forma pauperis. Alternatively, Stafford may file a notice voluntarily dismissing this lawsuit if he no longer wants to pursue it.

The Clerk of the Court is instructed to send John Stafford the approved form application to proceed in forma pauperis for an inmate with instructions and the approved form for filing a 42 U.S.C. § 1983 complaint with instructions.

Dated: October 21, 2025

_____
Andrew P. Gordon
Chief United States District Judge