**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| John Stafford, | Case No.: 2:25-cv-01854-APG-BNW |
| Plaintiff | **Order Striking Fugitive Document and Dismissing and Closing Case** |
| v. | |
| James E. Dzurenda, et al., | [ECF No. 4] |
| Defendants | |

This action began with an incomplete application to proceed in forma pauperis purportedly filed by Nevada prisoner John Stafford. ECF No. 1.  The application is recycled from one of vexatious litigant Matthew Travis Houston's lawsuits and directs the court to "see" that case. *See id.*  Because Houston sought to bypass the vexatious litigant pre-filing order that applies to him when initiating this lawsuit through another inmate, I denied the incomplete in forma pauperis application and gave only Stafford the opportunity to proceed with this lawsuit if he wished to do so. ECF No. 3.  To that end, I gave Stafford until November 19, 2025, to file a signed complaint with allegations pertaining to only himself and either pay the full $405 filing fee or file a new fully complete application to proceed in forma pauperis. *Id.*  That deadline expired without Stafford complying with or responding to my order.  Houston, however, filed a document titled "Amicus Curiae Intervention and Motion for Extension of Time" that seeks, among other things, to complain about theft from the Bank of America accounts of "d/b/a Matt Houston Productions" and to extend the deadline for "John Stafford, et al." *See, e.g.*, ECF No. 4 at 1.  Although the documents purport to be signed by Stafford, they are recycled from one of Houston's cases and reference his cases. *See id.* at 3.

**I.    Discussion**

  **A.    Non-party Houston's fugitive document is stricken from the docket.**

  Houston is not a party in this case.  As explained in my prior order and on numerous other occasions, Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey that requires him to satisfy certain conditions before filing a new action in this court "using any pages he has already filed in another case." *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023).  Because the pre-filing order requires Houston to obtain permission from the chief judge before he files a lawsuit, he cannot apply for that relief after he files a lawsuit in violation of the order.  Because Houston is not a party entitled to relief in this lawsuit and his most recent filing violates the pre-filing order, that document is stricken from the docket.

  **B.    Relevant factors favor dismissing this action.**

  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

*Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Stafford's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until Stafford files a complaint and either files a complete in forma pauperis application or pays the $405 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.      Conclusion**

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.  I THEREFORE ORDER that this action is dismissed without prejudice based on John Stafford's failure to file a signed complaint and either pay the full filing fee or file his own complete application to proceed in forma pauperis in compliance with the court's October 21, 2025, order.  The Clerk of Court is directed to enter judgment accordingly and close this case.  If John Stafford wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or file a complete application to proceed in forma pauperis.

I FURTHER ORDER that Matthew Travis Houston's most recent filing (ECF No. 4) is stricken from the docket.  If Houston wishes to pursue his claims, he must comply with the conditions of the pre-filing order. *See Houston v. Encore Event Technologies, et al.*, Case No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023).

Dated: February 9, 2026

_____
Andrew P. Gordon
Chief United States District Judge

4